UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-652-RJC-DSC

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CODY WOLFE, ROBERT A. BOTT, SR., )<br>ANDREW K. BOTT, and BARBARA )<br>WOLFE )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff Metropolitan Life Insurance Company's ("MetLife") Motion for Discharge from Further Liability, Permanent Injunction, and Dismissal with Prejudice, filed on December 6, 2012. (Doc. No. 18). Defendants have not responded and the time for doing so has expired. See FED. R. CIV. P. 12(a)(4).

**I.     BACKGROUND**

Plaintiff filed this Rule 22 interpleader action on October 3, 2012. (Doc. No. 1). Anna L. Dingman-Lotito (the "Decedent") was an employee of AT&T, Inc. ("AT&T") and a participant in the AT&T Medical and Group Life Insurance Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by AT&T and funded by a group life insurance policy issued by MetLife. (Id. at 2). The Decedent died on August 21, 2011. (Id. at 3). The Plan's Summary Plan Description ("SPD") establishes the right of a Plan participant to name his or her beneficiary, and states that benefits will be paid to the beneficiary. (Id.). At the time of her death, the Decedent was enrolled under the Plan for life insurance coverage in the amount of $12,500.00 (the "Plan Benefits"). The Plan Benefits became payable upon the Decedent's death,

pursuant to the terms of the Plan. (Id.). The most recent Beneficiary Designation form on file is dated December 1, 2010 and names Cody Wolfe as the sole primary beneficiary of the Plan Benefits and Melissa Black as the sole contingent beneficiary of the Plan Benefits. (Id.). On or about August 26, 2011, Robert A. Bott, Sr. wrote to MetLife alleging that the Decedent was incompetent to make the beneficiary designation on December 1, 2010. (Id.). A number of letters followed, see (id. at 3-6), and MetLife states that it "cannot determine the proper beneficiary or beneficiaries of the Plan Benefits without risking exposure of itself, the Plan, and AT&T, Inc. to double liability." (Doc. No. 19 at 4). According to MetLife:

> If a court were to determine that the December 1, 2010 beneficiary designation is valid, then the Plan Benefits would be payable to Cody Wolfe. If a court were to determine that the December 1, 2010 beneficiary designation is invalid, then the Plan Benefits would be payable to the Decedent's children, Robert A. Bott, Sr., Andrew K. Bott, and Barbara Wolfe, in equal shares, pursuant to the facility of payment clause in the Certificate.

(Doc. No. 1 at 3).

Therefore, on December 3, 2012, MetLife deposited the sum of $12,729.62 into the Court's registry–which amount represents the life insurance benefits plus applicable interest payable as a consequence of the death of the Decedent. (Doc. Nos. 15; 18 at 2). MetLife states that, as a mere stakeholder, it "has no interest in the Plan Benefits except to ensure that they are paid to the proper beneficiary." (Doc. No. 19 at 5).

## II.    ANALYSIS

### A.    Discharge

"[T]he interpleader rule provides that a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action." Sun Life Assur. Co. of Canada v. Thomas, 735 F. Supp. 730, 732 (W.D. Mich. 1990) (citations omitted); see also Metro. Life Ins. Co. v. Vines, 10-2809, 2011 WL

2

2133340, at *2 (D. Md. May 25, 2011). "Absent the presence of bad faith on the part of the stakeholder or the possibility that the stakeholder is independently liable, discharge should be readily granted." Sun Life, 735 F. Supp. at 733. Defendants, through their failure to respond, have not alleged bad faith. Plaintiff is a disinterested stakeholder faced with adverse claims to the Decedent's account. Plaintiff risks competing, inconsistent judgments regarding the Decedent's account balance without the benefit of an interpleader action. Interpleader is appropriate in this case and Plaintiff is discharged.

B. Injunction

Defendants, through their failure to respond, have not filed any counterclaims against Plaintiff or made any indication that they have any claims against Plaintiff. Federal Rule of Civil Procedure 13 required Defendants to state a counterclaim against Plaintiff if they had a claim that "arises out of the transaction or occurrence that is the subject matter of the [Plaintiff's] claim." FED. R. CIV. P. 13(a)(1)(A). The subject matter of this case is the death of the Decedent and the proper disposition of her Plan Benefits. Because the Defendants failed to file any counterclaim, res judicata principles would bar them from bringing such a related claim in a later suit. See Mellon Bank, N.A. v. Ternisky, 999 F.2d 791, 795 (4th Cir. 1993).

Plaintiff moves the Court to permanently enjoin all Defendants "from instituting or prosecuting against MetLife, the Plan, and AT&T, Inc. any claim in any state or federal court affecting the Plan Benefits at issue in this case except by way of interpleader in this action." (Doc. No. 19 at 7). To obtain a permanent injunction "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public

interest would not be disserved by a permanent injunction." Christopher Phelps & Associates, LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007). Plaintiff has not addressed these factors. Defendants are on notice that they may not maintain a future action against Plaintiff regarding the proper disposition of the Decedent's Plan Benefits. However, Plaintiff has failed to support its claim for a permanent injunction.

### III. CONCLUSION

Plaintiff is dismissed from this suit with prejudice and is forever discharged from all liability to each and every Defendant in this matter, and any of his or her heirs, descendants, successors and assigns, individually and collectively, for any claim, demand, action or cause of action that arises out of the transaction or occurrence that is the subject matter of this action. However, the Court will not issue a formal injunction barring any and all suits against Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Discharge from Further Liability, Permanent Injunction, and Dismissal with Prejudice, (Doc. No. 18), is **GRANTED in part and DENIED in part**. Plaintiff's Motion for Discharge is **GRANTED**; Plaintiff's Motion for Permanent Injunction is **DENIED**; Plaintiff is **DISMISSED** from this action with prejudice.

Signed: February 4, 2013

Robert J. Conrad, Jr.
Chief United States District Judge