UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-652-RJC-DSC

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY ) ) ) Plaintiff, ) ) v. ) ) CODY WOLFE, ROBERT A. BOTT, SR., ANDREW K. BOTT, and BARBARA WOLFE ) ) ) ) ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendants Cody Wolfe and Barbara Wolfe's (the "Wolfe Defendants") Motion for Summary Judgment, filed on May 21, 2013. (Doc. No. 25). Although Co-Defendants Robert A. Bott, Sr. and Andrew K. Bott (the "Bott Defendants") were provided with Roseboro notices, neither has filed a timely response to the Motion for Summary Judgment, and the matter is now ripe for disposition.

## I. BACKGROUND

The present lawsuit is an interpleader action filed by plaintiff insurance company on or about October 3, 2012. The action concerns the rightful beneficiary of certain insurance plan death benefits belonging to Anna L. Dingman-Lotito ("the Decedent"). The Decedent was an employee of AT&T, Inc., and a participant in the AT&T Medical and Group Life Insurance Plan ("the Plan"). Plaintiff funded the group insurance life policy in which the Decedent participated. The Decedent died on August 21, 2011. At the time of Decedent's death, the Decedent was enrolled in the Plan for life insurance coverage in the amount of $12,500.00, payable to the

1

beneficiary named by the Plan participant. The most recent Beneficiary Designation form that the Decedent signed dated December 1, 2010 named her grandson, Cody Wolfe, as Decedent's sole primary beneficiary. Decedent's granddaughter, Melissa Black, was named as Decedent's contingent beneficiary on the December 1, 2010 Beneficiary Designation form signed by Decedent. On August 26, 2011, defendant Robert A. Bott, Sr. wrote to plaintiff challenging the December 1, 2010 Beneficiary Designation form, and alleged that the Decedent was incompetent to make the December, 2010 beneficiary designations that Decedent made. Plaintiff insurance company has no interest in the Plan Benefits, and deposited the sum of $12,729.62 into the Court's registry on December 3, 2012. This amount represents the life insurance benefits plus applicable interest payable as a consequence of the death of the Decedent. At issue in the present case is whether the December 1, 2010 Beneficiary Designation form signed by Decedent is valid. If it is, then the Plan Benefits corresponding to the sum deposited into the Court's registry on December 3, 2012 belongs to defendant Cody Wolfe. If the December 1, 2010 Beneficiary Designation is invalid, then pursuant to the Plan, the Plan Benefits would be payable equally amongst the Decedent's three children—Robert A. Bott, Sr., Andrew K. Bott, and Barbara Wolfe.

By Order dated February 4, 2013, (Doc. No. 22), plaintiff Metropolitan Life Insurance Company was discharged from this action after it deposited the $12,729.62 in dispute with the Court's registry. The Wolfe Defendants served Robert A. Bott, Sr. with their initial written discovery in this case on or about April 1, 2013. Defendant Robert A. Bott, Sr. was in fact served with the initial discovery contained in Exhibit 1 on April 2, 2013 as verified by the signed statement by Deputy Alvarez of the Glades County Sheriff's Office, a copy of which is hereto

attached as Exhibit 2 and incorporated herein by reference. Defendant Andrew K. Bott was also served with the initial discovery contained in Exhibit 1 on February 22, 2013 as verified by the signed certified receipt from the United States Postal Service. A copy of this signed certified receipt demonstrating service is hereto attached as Exhibit 3 and is also herein incorporated by reference. The Wolfe Defendants represent that neither of the co-defendants Robert A. Bott, Sr. nor Andrew K. Bott has responded to the Wolfe Defendants' initial written discovery.

## II.     STANDARD OF REVIEW

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact ." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n. 3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir.1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the Record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 129 S.Ct. 2658, 2677, 557 U.S. —— (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

The Bott Defendants have failed to respond to the Wolfe Defendants' Motion for Summary Judgment. A failure to respond to a motion for summary judgment, however, does not automatically establish for the moving party the burden imposed upon it by Rule 56. Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 415 (4th Cir.1993). In an uncontested motion for summary judgment, the moving party's asserted facts are uncontroverted, and thus there is no genuine issue of material fact. However, the moving party must also establish "that it is 'entitled to a judgment as a matter of law.'" Id. (quoting FED. R. CIV. P. 56(c)). Thus the court, "in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Id.

The initial written discovery served on co-defendants contained Requests for Admissions which advised the pro se co-defendants in this case in multiple sections that they were required to admit the substance of the requests served on them within thirty (30) days of service. In addition, the Wolfe Defendants in their instructions to the initial written discovery also advised the co-defendants that if they did not admit the facts as submitted, then the Wolfe Defendants

reserved the right to move for reasonable expenses, including attorney's fees, incurred in making proof of any and all requests not admitted pursuant to FED. R. CIV. P. 37(c)(2). The Bott Defendants failed to respond to the Requests for Admissions served on them. Co-defendants failure to respond to these requests establishes those admissions as a matter of law. FED. R. CIV. P. 36(a)(3). The Wolfe Defendants note that the Fourth Circuit has previously permitted entry of Summary Judgment against pro se litigants on the basis of a failure to respond to requests for admissions pursuant to Rule 36 of the North Carolina Rules of Civil Procedure if the pro se litigants are advised of their obligation to respond within the requisite time period (30 days), and so long as there exists additional evidence beyond the matters deemed admitted by the pro se litigants to support a grant of Summary Judgment. See e.g., United States v. Renfrow, 612 F. Supp. 2d 677, (E.D.N.C.2009); Kearney v. Howard, No. 5:08-cv-156-H, 2011 WL 197625 (E.D.N.C. Jan. 20, 2011).

The Court finds that there is no basis to invalidate the December 1, 2010 Beneficiary Designation form, and there are no genuine issues of material fact in dispute, and the Plan Benefits should be paid to Decedent's grandson Cody Wolfe as a matter of law concluding this matter. "[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [the moving] party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56.

IV. CONCLUSION

The Wolfe Defendants have presented sufficient evidence from which no reasonable jury could return a verdict for the defendant. Anderson, 477 U.S. at 248. Therefore, there is no

5

genuine issue for trial, and judgment is appropriate as a matter of law. See Ricci, 129 S.Ct. at 2677.

**IT IS, THEREFORE, ORDERED** that:

1. The Wolfe Defendants' Motion for Summary Judgment, (Doc. No. 25), is **GRANTED**;

2. The funds presently on deposit with the Court registry shall be released to Cody Wolfe; and

3. The costs of this action shall be assessed to Robert A. Bott, Sr. and Andrew K. Bott, jointly and severally.

4. The Clerk of Court is directed to close this case.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge

6